1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN GILBERT,                         No.  1:22–cv–0876–KJM–CKD

12              Plaintiff,                     FINDINGS AND RECOMMENDATIONS

13         v.

14    EDWARD Y. AKHNANA, D/B/A E&J
      KWIK SERV, ET AL.,
15
                Defendants.
16

17

18         Presently pending before the court is plaintiff Darren Gilbert's ("plaintiff") motion for

19    default judgment against defendants Edward and Jamila Akhnana (d/b/a E & J Kwik Serv)

20    ("defendants").[1]  (ECF No. 10.)

21         After defendants failed to file an opposition to the motion in accordance with Local Rule

22    230(c), the motion was submitted on the record and written briefing pursuant to Local Rule

23    230(g).  (ECF No. 11.)  For the reasons discussed below, the court now recommends that

24    plaintiff's motion for default judgment be GRANTED in part.

25    ///

26    ///

27

28

_____

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19).

1

1    I.     Background

2        Plaintiff is a physically disabled man who relies on a wheelchair, knee scooter, or

3    prosthetic for mobility.  (ECF No. 1 at ¶ 8.)  Defendants own and operate the E & J Kwik Serv

4    ("the facility") and the real property in and on which the facility is located at 1700 Yosemite

5    Boulevard  Modesto, California 95354.  (Id. at ¶¶ 1, 7.)  Plaintiff alleges that on or about

6    November 3, 2021, he visited the facility for gasoline for his vehicle.  (Id. at ¶ 10.)  Plaintiff had

7    difficulty walking with his prosthetic leg along the route from the fuel pumps towards the facility

8    entrance because the route was rough and uneven and had large cracks and utility covers that

9    created tripping hazards.  (Id.)  In addition, the curb ramp leading to the facility entrance was

10   unevenly and excessively sloped, making it difficult for plaintiff to maintain his balance as he

11   ascended and descended the ramp.  (Id.)  Plaintiff was and continues to be deterred from visiting

12   the facility because of these barriers on the property.  (Id. at ¶ 12.)

13       Plaintiff filed this action against defendants under Title III of the Americans with

14   Disabilities Act of 1990 (42 U.S.C. §§ 12181-12189) ("ADA") and related California statutes.

15   (ECF No. 1.)  A clerk's default was entered against defendants on August 17, 2022.  (ECF No. 7.)

16   Plaintiff filed the instant motion on December 21, 2022.  (ECF No. 10.)  Plaintiff seeks statutory

17   damages in the amount of $4,000, attorneys' fees and costs in the amount of $3,984.25, and an

18   injunction requiring the removal of the barriers to plaintiff's access.  (ECF No. 10-1 at 10.)  On

19   September 16, 2023, this court declined supplemental jurisdiction over plaintiff's Unruh Act and

20   Health and Safety Code Claims.  (ECF Nos. 13, 15.)

21   II.    Legal Standard – Default Judgment

22       Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party

23   against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend

24   against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

25   automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans,

26   238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

27   (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies

28   within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

2

1   1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action[,] (5) the possibility of a
> dispute concerning material facts[,] (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily

disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative

complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc.

v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin.

Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs,

285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the

complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the

pleadings, and claims which are legally insufficient, are not established by default."  Cripps v.

Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir.

2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law);

Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not

be entered on a legally insufficient claim").  A party's default does not establish the amount of

damages.  Geddes, 559 F.2d at 560.

III.   Discussion

A.  The Eitel Factors Weigh in Favor of Granting Default Judgment

1.   *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default

judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting

a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially

face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment,

plaintiff would be without another recourse against defendants.  Accordingly, the first Eitel factor

1    favors the entry of a default judgment.

2               2.      *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and*

3    *the Sufficiency of the Complaint*

4          The court considers the merits of plaintiff's substantive claims and the sufficiency of the

5    complaint together below because of the relatedness of the two inquiries.  The court must

6    consider whether the allegations in the complaint are sufficient to state a claim that supports the

7    relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

8          Title III of the ADA provides that "[n]o individual shall be discriminated against on the

9    basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

10   advantages, or accommodations of any place of public accommodation by any person who owns,

11   leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

12   Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

13   where such removal is readily achievable."  Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1

14   Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc).  The ADA defines the term

15   "readily achievable" as "easily accomplishable and able to be carried out without much difficulty

16   or expense."  42 U.S.C. § 12181(9).

17         "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she]

18   is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

19   or operates a place of public accommodation; and (3) the plaintiff was denied public

20   accommodations by the defendant because of [his or her] disability."  Molski v. M.J. Cable, Inc.,

21   481 F.3d 724, 730 (9th Cir. 2007).  Furthermore, "[t]o succeed on a ADA claim of discrimination

22   on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)

23   the existing facility at the defendant's place of business presents an architectural barrier

24   prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  Parr v. L &

25   L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc.,

26   433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

27         Here, plaintiff's complaint alleges that: (1) he is disabled (ECF No. 1 at ¶ 8 ); (2)

28   defendant owns, leases, and/or operates the E & J Kwik Serv, which is a place of public

4

1   accommodation (id. at ¶¶ 1, 7, 9); (3) plaintiff was denied full and equal access to defendant's

2   facilities, privileges, and accommodations because of plaintiff's disability (id. at ¶ 10); (4)

3   defendant's facility contains a specified architectural barriers (lack of accessible route of travel to

4   the facility , improperly configured ramp )in violation of the ADA (id. at ¶ 10); and (5) defendant

5   had the means and ability to remove such barriers (id. at ¶ 14).  Because plaintiff's allegations are

6   taken as true following the entry of default, the court concludes that plaintiff has met his burden

7   to state a prima facie Title III discrimination claim.

8          Accordingly, the second and third Eitel factors favor the entry of a default judgment.

9                 3.      *Factor Four: The Sum of Money at Stake in the Action*

10          Under the fourth factor cited in Eitel, "the court must consider the amount of money at

11   stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at

12   1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

13   Cal. 2003).  In this case, plaintiff seeks injunctive relief; $4,000 in statutory damages under the

14   Unruh Civil Rights Act; and attorneys' fees and costs in the amount of $3,984.25.  (ECF No. 10-1

15   at 10.) Because the court has declined supplemental jurisdiction over plaintiff's Unruh Civil

16   Rights Act claims, plaintiff's request for statutory damages is moot.  Thus, the sum of money at

17   stake is $3,984.25 in attorneys' fees and costs.  The court does not find the overall sum of money

18   at stake to be so large or excessive as to militate against the entry of default judgment,

19   particularly when reduced for the reasons discussed below.  Under these circumstances, the court

20   concludes that this factor favors the entry of a default judgment.

21                 4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

22          Because the court may assume the truth of well-pleaded facts in the complaint (except as

23   to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of

24   material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.

25   Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court

26   clerk enters default judgment, there is no likelihood that any genuine issue of material fact

27   exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at

28   1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

1        5.        *Factor Six: Whether the Default Was Due to Excusable Neglect*

2        In this case, there is no indication in the record that defendant's default was due to

3   excusable neglect.  Accordingly, this <u>Eitel</u> factor favors the entry of a default judgment.

4        6.        *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil*

5   *Procedure Favoring Decisions on the Merits*

6        "Cases should be decided upon their merits whenever reasonably possible."  <u>Eitel</u>, 782

7   F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

8   alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

9   <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F.

10  Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Accordingly, although the court is cognizant of the policy

11  in favor of decisions on the merits—and consistent with existing policy would prefer that this

12  case be resolved on the merits—that policy does not, by itself, preclude the entry of default

13  judgment.

14       In sum, after considering and weighing all the <u>Eitel</u> factors, the court concludes that

15  plaintiff is entitled to a default judgment against defendant, and recommends that such a default

16  judgment be entered.  All that remains is a determination of the specific relief to which plaintiff is

17  entitled.

18            B.   Terms of the Judgment to Be Entered

19       After determining that a party is entitled to entry of default judgment, the court must

20  determine the terms of the judgment to be entered.  Because plaintiff satisfactorily alleged his

21  ADA claim, the court recommends that plaintiff be granted injunctive relief, as described below,

22  to remedy the architectural barrier at issue.

23       Plaintiff also seeks attorneys' fees and costs in the amount of $3,984.25. (ECF No. 10-1 at

24  8.)  The ADA specifically contemplates the award of attorneys' fees and costs.  <u>See</u> 42 U.S.C. §

25  12205.  Plaintiff requests $699.75 in costs for pre-filing investigation, which are reasonable and

26  should be awarded. (<u>Id.</u>) Attorney Tanya E. Moore, who has been practicing law for 20 years,

27  spent 9.3 hours of work on this case, at a rate of $300 per hour, for a total of $2,790.00.  (<u>Id.</u>)

28  Paralegal Whitney Law spent 1.5 hours on this matter, at a rate of $115 per hour, for a total of

1    $172.50.  (Id.)  Paralegal Isaac Medrano spent 2.8 hours on this matter, for a total of $322.00 at

2    $115 per hour.  (Id.)  The same rates have been found to be reasonable by court in this district and

3    the hours spent appear reasonable. See Block v. Starbucks, 2018 U.S. Dist. LEXIS 154849 at *

4    17-20 (E.D. Cal. Sept. 10, 2018). The court therefore finds the requested amount of attorneys'

5    fees are also reasonable.

6        Plaintiff's motion for default judgment also seeks $4,000 in statutory damages. (ECF No.

7    10-1 at 9.)  However, because the court declines to exercise jurisdiction over the Unruh Act

8    claims, there is no basis upon which the court can grant statutory damages.  Wander v. Kaus, 304

9    F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only

10   injunctive relief is available for violations of Title III.").  Accordingly, the undersigned

11   recommends that plaintiff's request for statutory damages be denied as moot.

12                              **RECOMMENDATIONS**

13       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

14       1.    Plaintiff's motion for default judgment (ECF No. 10) be GRANTED;

15       2.    Judgment be entered in plaintiff's favor and against defendants;

16       3.    Plaintiff be awarded attorneys' fees and costs in the amount of $3,984.25;

17       4.    Plaintiff be granted an injunction requiring defendant to provide a) a properly

18             configured accessible route of travel from the designated accessible fuel pump to

19             the facility entrance, and b) a properly configured accessible curb ramp leading to

20             the facility entrance.

21       5.    Plaintiff's request for statutory damages be denied as moot; and

22       6.    The Clerk of Court be directed to close this case.

23       These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25   days after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28   shall be served on all parties and filed with the court within fourteen (14) days after service of the

1   objections.  The parties are advised that failure to file objections within the specified time may

2   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

3   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4   Dated:  November 20, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10   21, gilb.0876